## WHITCOMB *v.* SPRING VALLEY COAL CO.

*(Circuit Court, N. D. Illinois.* January 26, 1891.)

1. PATENTS FOR INVENTIONS—NOVELTY—MINING-MACHINES.
   Letters patent No. 267,047, to George D. Whitcomb, November 7, 1882, for a coal-mining machine, covering (claim 3) the combination of an inclined platform and mining-machine, the platform sloping towards the work of the machine, so as to hold it to its work, and assist in overcoming the recoil from the blow of the pick, is not void because it required no inventive genius, nor for want of novelty, either because of the use of an inclined platform in artillery to prevent the recoil of the gun, or otherwise.

2. SAME—INFRINGEMENT.
   Letters patent No. 335,328, to George D. Whitcomb, February 2, 1886, for a mining-machine, covering (claim 6) a main air-inlet, and inlet and exhaust ports of the valve-motor, having their valves arranged at the rear face of the machine below the top thereof, is not infringed by the use of a machine which acts by the direct pressure of the air upon the cylinder.

In Equity.
*Coburn & Thacher,* for complainant.
*Paul Bakewell* and *G. S. Eldredge,* for defendant.

BLODGETT, J. This is a bill for an injunction and accounting by reason of the alleged infringement of patent No. 267,047, granted November 7, 1882, to George D. Whitcomb, for a "coal-mining machine," and patent No. 335,328, granted February 2, 1886, to George D. Whitcomb, for a "mining-machine." Patent No. 267,047 covers several improvements in coal-mining machines, but the only feature of the patent brought in question in this case is that covered by the third claim, which is described in the patent as—

"An inclined portable platform, upon which the mining-machine is placed when in operation. It is made to slope towards the work of the machine, so that the weight of the machine holds it to its work, and assists to overcome the recoil from the blow of the pick. The incline of the platform also enables the operator to give the machine a downward pitch, so that the weight of the piston and piston-rod assists in giving force to the blow of the pick. This inclination of the platform operates in this way to save power, and assist the operator in operating the machine and holding it to its work. I ordinarily make my platform double, with loose sections, and in such manner that the machine is moved laterally from one platform to another, as it is moved from place to place in its work."

This feature of the machine is covered by claim No. 3, which is:

"(3) The combination of the inclined platform, M, and mining-machine, for the purpose of holding the machine to its work, substantially as specified and shown."

Patent No. 335,328 has nine claims covering features which are claimed as improvements upon the machine described in the first-mentioned patent, and also in the machines covered by the patents involved in the preceding suit of Whitcomb and others against the same defendant, but the only claim involved in this case is No. 6, which is:

"(6) In a mining-machine of the character described, the main air-inlets, and inlet and exhaust ports, L and N, of the valve-motor, having their valves

arranged at the rear face of the machine, below the top thereof, substantially as and for the purposes specified."

The defenses interposed in this case are (1) want of novelty, (2) non-infringement.

As to the alleged infringement of patent No. 267,047, the proof shows that the defendant uses an inclined platform in connection with its machines, the same as is described in and covered by the third claim of the patent, and I can see no escape, under the proof, from the charge of infringement in this case.

As to the defense of want of novelty, the only defenses interposed are (1) that the device is so simple and common that it required no inventive genius to devise and put it in operation in connection with the undercutting machine; (2) that the same device had been used in connection with artillery to prevent the recoil of the guns.

I think there can be no doubt from the proof that this inclined platform has added much to the effectiveness and managability of the machine. Its effect is very tersely described in the citation I have made from the specifications, as enabling the operator to give the machine a downward incline or pitch, so that the weight of the machine and piston-rod assists in giving force to the blow of the pick; and, in this brief description of its utility, the operation of the device and the device itself, in combination with the mining-machine, is differentiated from the incline used in connection with artillery. In the artillery device, the incline was placed at the rear of the gun, so that when discharged the gun would ascend the incline, and thereby add its weight to mollify the recoil, and cause it to return to its place, while the inclined platform in this case is to be used to hold the machine in such position as to enable it to give its blows most effectively. It is not the quantum of invention that determines the validity of a new device, but the only question is, is it new and useful? The utility of this inclined platform, in combination with the mining-machine, is clearly established; in fact, as the defendant uses it, I do not think it lies in its mouth to deny its utility; and, as far as its novelty is concerned, nothing in the previous art shows a platform of this character in combination with a mining-machine like this. I think, therefore, the patent is valid, and the defendant has infringed it.

As to the sixth claim of patent No. 335,328, I do not think the defendant's device infringes this claim. The defendant's machine acts by the direct pressure of the air upon the cylinder, while, in the complainant's machine, the special improvement covered by this claim operates upon and is adapted only to what is called a "valve-motor," which operates in an entirely different manner from the defendant's machine. I am therefore of opinion that the defendant does not infringe the sixth claim of this patent. A decree may therefore be prepared finding that the defendant has infringed the third claim of patent No. 267,047, and for an injunction and accounting.